IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL A. BOSH, Chairman on behalf of the  )
STEELWORKERS PENSION TRUST,                )
                                            )       Civil Action No.
                  Plaintiff,                )
                                            )
         v.                                 )
                                            )
TUBE CITY IMS, LLC,                         )
                                            )
                  Defendant.                )

## COMPLAINT

1.      Jurisdiction of this action arises under §502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, §404(b), 29 U.S.C. §1104, §406, 29 U.S.C. §1106, §409, 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Defendant has failed to pay fringe benefit contributions and wage deductions to Plaintiff Funds in violation of certain collective bargaining agreements (hereinafter "CBA") with the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union on behalf of Local No. 1187-06 (hereinafter "USW").

2.      Plaintiff Daniel A. Bosh, Chairman, on behalf of the Steelworkers Pension Trust (hereinafter "Trust"), is a Pennsylvania non-profit corporation which maintains its principal place of business at Seven Neshaminy Interplex, Suite 301, Trevose, Pennsylvania 19053.

3.      The Trust is a "defined benefit plan" within the meaning of Section 3(35) of ERISA, 29 U.S.C. §1002(35).

4.      The Trust is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

5.      The Trust is a jointly administered employee benefit trust fund composed of an equal number of union and management trustees, established and maintained pursuant

to Section 302(c)(5) of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S. C. §186(c)(5).

6.     Plaintiff Daniel A. Bosh, being Chairman of the Board of Trustees of the Trust (hereinafter "Board") is duly authorized to act on behalf of the Board.  Plaintiff and Board are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A) with respect to the Trust.

7.     The Trust is administered within this judicial district.

8.     Defendant Tube City IMS, LLC is engaged in the manufacturing business and maintains its principal place of business at 1155 Business Center Drive, Horsham, Pennsylvania 19044.

9.     In violation of the CBA, Defendant has failed to make timely payments of principal contributions and wage deductions to Plaintiff for the period of May 2012 through October 2013, which has resulted in a principal deficiency of $14,186.50.  In addition, interest through November 30, 2013 is due of $537.07 and liquidated damages of $1,418.65 are due to Plaintiff, for a total deficiency of $16,142.22.  Interest will continue to accrue after November 30, 2013 at the rate of $2.33 per day.

10.     Plaintiff also claims any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant to the Plaintiff until the termination of this case.  If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 6% per year and liquidated damages at ten (10%) percent times the principal amount owed by

-2-

Defendant. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

11.     Plaintiff has demanded payment of these amounts, but Defendant has neglected and continues to neglect to pay such amounts.

12.     Pursuant to ERISA, Defendant is also obligated to pay Plaintiff's reasonable attorneys' fees which are to equal twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00). Such estimated fees and expenses total $3,228.44 through November 30, 2013. Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case.

13.     Defendant's failure to pay such delinquencies has caused the trust to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension benefits to covered workers and their families.

14.     Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant is ordered to specifically perform under the federal statutes and the CBA and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against said Defendant:

(a) A preliminary and/or permanent injunction enjoining Defendant from violating the terms of such CBA and directing Defendant to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such CBA, and enjoining Defendant from disposing of assets; and

(b) For Defendant to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations from November 2013; and

- 3 -

(c) For Defendant to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant's covered employees for the last three years to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

(d) For a money judgment in favor of Plaintiff and against Defendant in the sum of $19,370.66, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus liquidated damages, attorneys' fees, and costs of suit; and

(e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f) For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.

By: _Neil J. Gregorio_

Neil J. Gregorio, Esquire
PA I.D. No. 90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff
Daniel A. Bosh, Chairman on behalf of the
 Steelworkers Pension Trust

- 4 -

LIT:557881-1 029107-161257